UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| KIMBERLY S. SULLIVAN a/k/a KIMN S. SULLIVAN, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> MARINOSCI LAW GROUP, P.C., P.A. <br><br> Defendant. | Civil Action No. 9:18-cv-81368-DMM-DLB |

## FINAL ORDER AND JUDGMENT

On October 11, 2018, Kimberly Sullivan ("Plaintiff" or "Class Representative") filed a class action complaint (hereinafter referred to as the "Lawsuit") against Marinosci Law Group, P.C., P.A. ("Defendant") in the United States District Court, Southern District of Florida, Case No. 9:18-cv-81368-DMM-DLB, asserting class claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (DE 1).

Defendant has denied any and all liability alleged in the Lawsuit.

On February 19, 2019, after extensive arms-length negotiations, Plaintiff and Defendant (hereinafter jointly referred to as the "Parties") entered into a written Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On February 21, 2019, the Parties filed the Agreement, along with Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion"). (DE 24).

In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(D), 1453, and

1711-1715, Defendant served written notice of the proposed class settlement as directed. (DE 28).

On August 19, 2019, upon consideration of Plaintiff's Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order"). (DE 27). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily approved the proposed settlement and (ii) set the date and time of the Final Fairness Hearing.

On October 18, 2019, Plaintiff filed a Motion for Final Approval of Class Action Settlement (the "Final Approval Motion"). (DE 34). On October 21, 2019, Plaintiff filed a final Motion for Attorney's Fees.[1] (DE 35).

On November 21, 2019, a Final Fairness Hearing was held pursuant to Fed. R. Civ. P. 23 to determine whether the claims asserted in the Lawsuit satisfy the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court. At the hearing, the Court heard arguments regarding the fairness of the proposed settlement.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23 (b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Motion for Final Approval, and the record of these proceedings. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

---

[1] Plaintiff initially filed a Motion for Attorney's fees on September 24, 2019. (DE 29). Plaintiff filed the subsequent motion as a supplement to the initial motion.

2

**CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit:

> All persons (a) with a Florida address, (b) to whom Marinosci Law Group, P.C., P.A. mailed an initial debt collection communication not returned as undeliverable to Marinosci Law Group, P.C., P.A., (c) in connection with the collection of a consumer debt, (d) between October 11, 2017 and August 19, 2019, (e) that stated (1) the payoff amounts "are estimates amounts and are subject to increase depending upon various factors involved in the foreclosure case (see Explanation of Charges below);" or (2) the consumer "must contact [Defendant] prior to sending the Payoff Amount for an updated list of itemized amounts;" or (3) "[t]he payoff Amount may change under certain circumstances (see below);" or (4) "[t]he Lender reserves the right to demand amounts in addition to the charges stated above before or after the release of its security interest in the property if there was an error or omission in the above charges that was made in good faith, whether mathematical, clerical, typographical or otherwise;" or (5) "[t]he payoff Amount is also subject to change to reflect services that may be performed on or after the date of this letter;" or (6) "below is an itemization of the amounts needed to pay-off the above-referenced loan(s), which are good through 'GT DATE', without defining the term GT DATE; or (7) that provides a payoff amount as of a date at least 45 days prior to the date of the letter; or (8) "[i]f the debtor notifies the firm within 30 days after receipt of this letter that the debt, or any portion of the debt, is disputed, the firm will obtain verification of the judgment will be mailed to the debtor by the firm;" or (9) "[u]pon the debtor's request within 30 days after receipt of this letter, the firm will provide the debtor with the name and address of the original creditor if different from the current creditor."

Defendant has identified a total of 166 potential Class Members.

**CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies Kimberly S. Sullivan as the Class Representative and James L. Davidson and Jesse S. Johnson of Greenwald Davidson Radbil PLLC as Class Counsel. *See Johnson v. NPAS Solutions, LLC*, No. 9:17-cv-80393, 2017 WL 6060778, at *1 (S.D. Fla. May 8, 2018) (Rosenberg, J.); *Gonzalez v. Dynamic Recovery Solutions, LLC*, Nos. 14-24502, 14-20933, 2015 WL 738329, at *2 (S.D. Fla. Feb. 23, 2015) (Bloom, J.).

**NOTICES TO THE CLASS** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed. The form and method for notifying the Class Members

of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the notice was clearly designed to advise the Class Members of their rights.

**FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23 for the purposes of settlement, namely:

A. The Class Members are so numerous and geographically dispersed that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the limited amount of any potential total recovery for the class. *See Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

**SETTLEMENT TERMS** – The Agreement, which is deemed incorporated herein, is

4

finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Agreement include, but are not limited to, the following:

1. <u>Settlement Fund</u> – Defendant will establish a $4,594.98 settlement fund (the "Settlement Fund").

2. <u>Settlement Payment to Class Members</u> – Each Class Member who has not excluded himself or herself from the Class with a postmark date no later than 60 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement will receive a pro rata share of the Settlement Fund. Each settlement check will be void ninety days after mailing. To the extent that any funds remain in the Settlement Fund after the void date (from uncashed checks or otherwise), these funds will be distributed to Legal Aid Society of Palm Beach County, Inc. as the *cy pres* recipient.

3. <u>Class Representative Settlement Amount</u> – The Class Representative will receive from Defendant the sum of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) and for her work on behalf of the Class Members ("Payment to Plaintiff"). This payment will be separate and apart from the Settlement Fund and her pro-rata share of the same.

4. <u>Stipulated Equitable Relief</u> – Defendant represents and warrants that it has ceased the use of the form of letter attached to the Class Action Complaint as Exhibit A, *see* ECF No. 1-1, as of January 1, 2019 and will not use that form of letter in its debt collection practice going forward.

5. <u>Attorneys' Fees Expenses, and Costs of Class Counsel</u>: The Court will award the amount of attorney's fees requested in Plaintiff's Unopposed Motion for Attorneys' Fees (DE 35). Defendant will pay Class Counsel the total sum of $33,000 for its reasonable attorneys' fees and litigation costs and expenses ("Attorneys' Fees"), separate and apart from the Settlement Fund, the Payment to Plaintiff, and any Settlement Administration Costs; and

6. <u>Settlement Notice and Administration</u>: Separate from the Settlement Fund, the Payment to Plaintiff, and the Attorneys' Fees, Defendant is responsible for paying all costs of notice and administration of the settlement ("Settlement Administration Costs"), which will be completed by First Class, Inc.

**OBJECTIONS AND EXCLUSIONS** – The Class Members were given an opportunity to object to the settlement. No Class Members objected to the settlement. No Class Members excluded themselves from the settlement. This Order is therefore binding on all Class Members.

**RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT** – Plaintiff, Class Members, and their successors and assigns are permanently barred and enjoined from instituting, prosecuting, intervening in or participating in, either individually or as a class, or in any other capacity, any of the released claims against any of the released parties, as set forth in the Agreement. Pursuant to the release contained in the Agreement, all released claims are compromised, settled, released, discharged, by virtue of these proceedings and this order.

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) This Lawsuit is hereby **DISMISSED WITH PREJUDICE.**

(2) This Order is not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

(3) The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order, and the approval of any attorneys' fees, costs, and expenses to Class Counsel.

(4) The Clerk of Court shall **CLOSE THIS CASE.**

(5) The Clerk shall also **DENY** all pending motions **AS MOOT.**

SIGNED in Chambers in West Palm Beach, Florida, this 22 day of November, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE